UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00595-FDW
(3:04-cr-00249-FDW-1)

| | |
|---|---|
| SHARIFF OMAR CARMICHAEL, ) *also known as* **PAUL JOHNSON**, *also* ) *known as* **MICHAEL JOHNSON**, ) ) **Petitioner,** ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) **Respondent.** ) ) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Shariff Omar Carmichael's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). Also before the Court is the Government's Motion to Dismiss Carmichael's Motion to Vacate. (Doc. No. 6.)

**I. BACKGROUND**

On September 21, 2006, Carmichael was convicted, after a jury trial in this Court, of bank robbery, in violation of 18 U.S.C. § 2113(a) (Count One); armed bank robbery, in violation of 18 U.S.C. § 2113(d) (Count Two); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count Four). Verdict, Doc. No. 108.[1] The Court sentenced him to an aggregate prison term of 346 months. J., Doc. No. 115. Carmichael's judgment was affirmed on direct appeal. United States v. Johnson, 269 F. App'x 331, 2008 WL 687330 (4th Cir. 2008) (unpublished).

---

[1] Unless otherwise indicated, all document and docket references not in parentheses are from the underlying criminal action, United States v. Johnson, et al, No. 3:04-cr-00249-FDW-1 (W.D.N.C.).

1

Carmichael attests that he placed his § 2255 Motion in the prison mailing system on June 24, 2016. (§ 2255 Mot. 11, Doc. No. 1.) However, the postmark on the Motion is dated July 29, 2016 (§ 2255 Env., Doc. No. 1-1), and it was not filed in this Court until August 2, 2016.

Carmichael's sole claim is that his § 924(c) conviction and sentence should be vacated in light of the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). (§ 2255 Mot. 4.) The Government has filed a Motion to Dismiss, arguing that Carmichael's § 2255 Motion is procedurally barred and frivolous. (Doc. No. 6.)

On January 18, 2017, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Carmichael of his right to respond to the Government's Motion to Dismiss and providing him 30 days to do so. The Court also notified Carmichael that failure to reply could result in dismissal of his § 2255 Motion to Vacate without further notice. (Doc. No. 7.) At his request, the Court granted Carmichael an extension of time, up to and including April 3, 2017, to respond. (Doc. No. 9.) Nonetheless, Carmichael has not responded to the Government's Motion to Dismiss.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSSION

The issue before this Court is a legal one: whether Carmichael's conviction for using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), must be

vacated under Johnson v. United States. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1).

"Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added). The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court held is void for vagueness. 135 S. Ct. at 2556, 2558. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563.

Although Carmichael was convicted of being a felon in possession of a firearm (Count Four), he is not challenging that conviction or sentence. Rather, he seeks to extend Johnson's void-for-vagueness holding to § 924(c). The Fourth Circuit has not yet determined whether Johnson applies to § 924(c). This Court need not resolve the issue here because the instant § 2255 motion to vacate would fail on the merits, regardless.[2]

To sustain a conviction under § 924(c), the government must prove that the defendant used or carried a firearm "during and in relation to any crime of violence or drug trafficking crime . . . ." § 924(c)(1)(A). A "crime of violence" is any offense that is a felony and,

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---
[2] For the sake of judicial economy, the Court will not also address the Government's assertion that the claim is procedurally defaulted.

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

§ 924(c)(3). As with the ACCA, the first definition, § 924(c)(3)(A), is referred to as the "force clause" and the second, § 924(c)(3)(B), as the "residual clause." Carmichael was convicted under § 924(c) of using a firearm in furtherance of a bank robbery, 18 U.S.C. § 2113(a). Indict., Doc. No. 1.

Carmichael contends that bank robbery is not a crime of violence under § 924(c)'s "force clause" and that the "residual clause" is void for vagueness under Johnson. Carmichael's claim is foreclosed, however, by the Fourth Circuit's decision in McNeal v. United States, 818 F.3d 141 (4th Cir.), cert. denied, No. 16-5017 (U.S. Oct. 3, 2016). In McNeal, the court held that bank robbery in violation of § 2113(a), is a crime of violence under § 924(c)'s "force clause." Id. at 152 (Bank robbery under § 2113(a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."). Thus, Carmichael's conviction for bank robbery is a predicate offense under § 924(c), and Johnson simply has no bearing on the validity of his conviction and sentence for violating § 924(c).

**IV: CONCLUSION**

Petitioner has failed to set forth any grounds upon which relief may be granted. Accordingly, the Court shall grant the Government's Motion to Dismiss and dismiss Carmichael's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss the Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 6) is **GRANTED**;

2. Carmichael's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court

declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 5, 2018

_____
Frank D. Whitney
Chief United States District Judge